ALBANY,
Jan. 1814.

CÆSAR
v.
PEABODY.

Where a slave brought into this state was sold at a sheriff's sale, under a *fi. fa.* against the estate of his master, and the purchaser, afterwards, sold him at private sale, it was held that the first sale was valid, but the second, being a voluntary sale, was void, as against the act. (1 *N. R. L.* 201.)

IN THE MATTER OF CÆSAR, A BLACK MAN, *against* PEABODY.

A MOTION was made for a *mandamus* in this cause, directed to *I. Peabody*, commanding him to manumit and set free *Cæsar,* a black man, held by him as a slave. It appeared that *Cæsar* was brought into this state, about nine years ago, from *Virginia*, by one *Hallam*, as his slave, and the requisite certificate obtained and filed, according to the 4th section of the act passed the 8th of *April*, 1801. (Sess. 24. c. 188. 1 *N. R. L.* 201.)

A judgment was, afterwards, obtained against *Hallam*, and a *fi. fa.* issued thereon, under which *Cæsar* was sold at the sheriff's sale, to one *Perkins*, who afterwards sold him, at private sale, to *Peabody*, who now holds him as a slave.

It was agreed that if the court should be of opinion that the sale by *Perkins* to *Peabody* was void, and the slave, under the act, was free, (sess. 24. c. 188. s. 5.) that then a peremptory *mandamus* should issue.

*Per Curiam.* According to the decision of this court, in *Sable* v. *Hitchcock*, (2 *Johns. Cases*, 79.) the sale of the slave on the execution was valid; but the subsequent sale by the purchaser to *Peabody*, was contrary to the act, being a voluntary sale by the master of a slave, imported or brought into the state. That sale was, therefore, void; and, according to the agreement of the parties, a peremptory *mandamus* must issue.

Rule granted.